OPINION
This is a habeas corpus action in which petitioner, James R. Sands, Jr., seeks his immediate release from the Lake Erie Correctional Institution. As the sole basis for his claim for relief, petitioner asserts that his present incarceration is illegal because the trial court in the underlying criminal case improperly sentenced him to eleven months in prison. Upon reviewing all of the allegations in the habeas corpus petition, this court concludes that petitioner has failed to state a viable claim for the requested relief.
Petitioner's claim for relief is predicated upon the following basic allegations. In February 2000, petitioner was indicted by the Portage County Grand Jury on one count of escape, a fifth degree felony under R.C. 2921.34. After the case had been pending for approximately nine months, petitioner entered into a plea agreement under which he agreed to plead guilty to the sole count. In December 2000, a hearing was held in the Portage County Court of Common Pleas, during which the trial court accepted the guilty plea and orally stated that petitioner would be sentenced to one hundred fifty days in prison. However, when the trial court subsequently issued its sentencing judgment, the court imposed a sentence of eleven months.
In contending that the foregoing allegations support the issuance of a writ, petitioner does not maintain that the trial court lacked jurisdiction to sentence him. Instead, he contends that if the trial court had imposed the "correct" sentence, i.e., one hundred fifty days, he would be entitled to be released because his sentence would be completed. In essence, petitioner argues that the trial court erred in sentencing him to eleven months because the court was bound to follow the sentence announced at the hearing.
As a general proposition, a writ of habeas corpus will not issue in favor of a criminal defendant when he does not allege a jurisdictional defect in the trial proceedings. Ellis v. McMackin (1992),65 Ohio St.3d 161. Based upon this, the Supreme Court of Ohio has held that sentencing errors cannot be challenged in a habeas corpus action because such errors are not jurisdictional. Majoros v. Collins (1992),64 Ohio St.3d 442. The underlying basis for this holding is that sentencing errors can be contested in a direct appeal from the conviction, and a habeas corpus action cannot be used as a substitute for an appeal. Ellis.
In this case, even if we assume, for the sake of argument, that it would be prejudicial error for the trial court to impose a longer sentence than what was referenced during the plea hearing, that error could have been raised in a direct appeal from the conviction. Thus, because petitioner had an adequate legal remedy through which he could have achieved the same result as he now seeks in this case, he has failed to state a viable claim. In addition, this analysis is not affected by the fact that petitioner did not fully pursue the appeal option following the release of the sentencing judgment. See State v. Wilcher (Feb. 11, 1994), Summit App. No. 16538, unreported.
Even when the allegations in the instant habeas corpus petition are construed in a manner most favorable to petitioner, those allegations are not sufficient to show that he will be able to prove a set of facts under which he will be entitled to the requested relief. Instead, the allegations readily indicate that petitioner will be unable to show that the trial court in the underlying criminal matter lacked jurisdiction to impose the sentence in question upon him. Accordingly, as petitioner has failed to state a viable claim in habeas corpus, his petition must be dismissed under Civ.R. 12(B)(6).
Pursuant to the foregoing analysis, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed.